UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN, )
    Plaintiff, )
 )
and )
 )
CONSERVATION LAW FOUNDATION, INC. )
    Plaintiff-Intervenor, )
 )
    v. )   CIVIL ACTION
 )   NO. 95-10927-DPW
ROBERT DURAND, Secretary of the )
    Massachusetts Executive )
    Office of Environmental )
    Affairs, et. al., )
    Defendants, )
 )
and )
 )
MASSACHUSETTS LOBSTERMEN'S )
ASSOCIATION, INC. )
    Defendant-Intervenor )
 )

MEMORANDUM AND ORDER
March 29, 2001

This litigation pursuing claims under the Endangered Species Act to provide protection for the Northern Right Whale was initiated by a determined <u>pro se</u> litigant who has difficulty conforming to many of the technical requirements of civil litigation and the need for personal civility in the litigation context. Despite the challenges presented to orderly proceedings by the plaintiff's posture, the proceedings generated a preliminary injunction requiring the defendant Commonwealth of Massachusetts to develop additional protective measures for the benefit of the Northern Right Whale. <u>Strahan v. Coxe</u>, 939 F.




Supp. 963 (D. Mass. 1996), aff'd in part and vacated in part, 127 F.3d 155 (1st Cir. 1997), cert. denied 525 U.S. 978 (1998).

After allowing several years experience with the additional protective measures developed by the Commonwealth in consultation with various interested parties as a consequence of the interlocutory relief, I determined that it was appropriate to bring the case to final judgment and began the process of scheduling to achieve that end.  In response, the parties, with the exception of the pro se plaintiff--but including the Conservation Law Foundation, which had participated earlier in the litigation as amicus curiae and has now been permitted to intervene as a plaintiff, and the Massachusetts Lobstermen's Association, which has recently been permitted to intervene as a defendant--have entered into an agreement for further and refined additional protective measures.  These measures, which are being undertaken in part through administrative rulemaking which will be concluded about the end of this year, will transform the factual predicates upon which this litigation has proceeded. In order to facilitate  the settlement, the settling parties have submitted a "Motion of All Defendants and Conservation Law Foundation, Inc. To Stay Proceedings in Order to Effectuate the Settlement Reached Between and Among Them."  The pro se plaintiff opposes any such stay.

I have reviewed the submissions of the parties with respect to the stay and am satisfied that a stay is appropriate at this time in light of the settlement.  The ultimate relief sought in

this case by the pro se plaintiff and the propriety of its grant cannot fairly be assessed without affording the settling parties the opportunity to demonstrate what their settlement is capable of achieving. In the best of circumstances, imposition of a remedy by the court should be avoided when there are grounds to believe that responsible parties will achieve the benefits of the remedy on their own and thereby avoid the potential for future harm to the endangered species that the ESA is designed to guard against.

Accordingly, I hereby stay proceedings in this action pending full implementation of the settlement negotiated among the parties other than the pro se plaintiff. All outstanding motions shall be terminated without prejudice to renewal after the next scheduling conference in this matter. A further scheduling conference will be held on January 15, 2002 to determine what further action, if any, is necessary to conclude this action.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE